1 DENNIS MARSHALL, COUNTY COUNSEL
MARY PAT BARRY, DEPUTY (Bar No. 148354)
2 COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
3 Santa Barbara, CA  93101
(805) 568-2950  /  FAX:  (805) 568-2983
4 E-mail: mpbarry@co.santa-barbara.ca.us

5

Attorneys for Defendants
6 COUNTY OF SANTA BARBARA,
KATHY GALLAGHER, and DELFINO
7 NEIRA

8                    UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 PETER HUK, an individual, and          Case No: CV12-2317 DSF (VBKx)
12 BEVERLY RAFF, an individual,

13                                        **DISCOVERY MATTER**

14                                        **[PROPOSED] PROTECTIVE
15                                        ORDER FOR PRODUCTION OF
                                         CONFIDENTIAL MATERIAL**

16
              Plaintiffs,
17
   v.
18
   COUNTY OF SANTA BARBARA;              Judge:  Hon. Dale S. Fischer
19 DEPARTMENT OF SOCIAL                  Courtroom: 840, Roybal Building
   SERVICES; SANTA BARBARA
20 CHILD WELFARE SERVICES;               **Trial Date:** September 23, 2014
   KATHY GALLAGHER; DELFINO
21 NEIRA; CINDY NOTT; SUSAN
   TOGNAZZINI; KATHY DAVIS;
22 JULIE DE FRANCO; CHRISTEL
   BARROS; FRANCENE KELLY; and
23 DOES 1-10, inclusive,

24            Defendants.

25

26        Subject to the approval of this Court, the parties, plaintiffs PETER HUK

27 and BEVERLY RAFF, by and through their attorneys of record, and defendants

28 COUNTY OF SANTA BARBARA, KATHY GALLAGHER and DELFINO

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

1

NEIRA (County Defendants), by and through their attorneys of record, as set forth in their executed Stipulation for Protective Order, hereby stipulate for entry of the following Protective Order:

1.    In connection with informal or formal disclosure of documents and other materials in this action (including, but not limited to, those specified in Federal Rules of Civil Procedure  26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and in connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulated Protection Order (hereinafter "Order"). Confidential information is information that has not been made public, and includes material that is part of a "juvenile case file," as that term is defined in California Rules of Court, rule 5.552(a). The juvenile case file related to this case is the juvenile case file for Santa Barbara Superior Court, Juvenile Division Case Number 1174917, which concerns the matter of the minor child, "R.T."

By designating a document, thing, material, testimony, or other information derived therefrom as Confidential under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

**GOOD CAUSE STATEMENT:**

2.    Good cause exits for entry of this Order. County Defendants expect to produce materials from the juvenile case file of R.T. This material is confidential pursuant to California Welfare and Institutions Code section 827 and California Rules of Court, rule 5.552, and is therefore entitled to heightened protection from disclosure and is to be designated "Confidential Material." Furthermore, this material is subject to a protective order entered by the Santa Barbara Superior Court, Juvenile Division, in Case Number 1174917, filed

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

August 17, 2012.

In addition, these materials contain the names and other identifying information of individuals involved in R.T.'s Juvenile Court matter and limiting disclosure of their identities to the context of this litigation as provided herein will further important confidentiality considerations related to juvenile dependency matters.

3.     Confidential documents shall be so designated by stamping copies of the document or material produced by a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document or any multi-volume material shall designate all pages of the document and all volumes of the material as Confidential, unless otherwise indicated by the producing party.

All materials produced by County Defendants are expected to be part of a juvenile case file. Therefore, the parties agree to treat all material produced by County Defendants as Confidential, whether or not stamped CONFIDENTIAL, unless otherwise designated by the County Defendants or pursuant to agreement of the parties.

4.     Testimony taken at a deposition may be designated Confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as Confidential and to label such portions appropriately.

5.     Material designated Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Material shall be used solely for the purpose of litigating this action, and for no other action or purpose.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

6.     Confidential Material produced in this action may be disclosed or made available to the following persons (hereinafter "Qualified Persons"):

    a.    Each lawyer for a party in this action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including paralegals, assistants, law clerks, secretaries, and document clerks;

    b.    Each party, partner, officer, director, agent, or employee of a party deemed necessary by counsel to work on this action;

    c.    Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

    d.    Any party-affiliated witness in preparation for his or her deposition or testimony at trial or a hearing in this litigation;

    e.    Mediators, arbitrators, or similar outside parties and their staff enlisted by all parties to assist in the resolution of this litigation;

    f.    The Court and its personnel; and

    g.    Court reporters, videographers, and stenographers employed in this action.

Prior to receiving any Confidential Material, Qualified Persons identified in Paragraphs 6b, 6c, 6d, and 6e above shall execute a nondisclosure agreement in the form of Appendix "A," attached hereto, a copy of which shall be provided to counsel for each party within ten (10) days.

7.     Pursuant to the protective order issued by the Santa Barbara Superior Court, Juvenile Division, dated August 17, 2012, full images of the

minor R.T. may not be used in this litigation without first obtaining an order from the Magistrate Judge permitting the use of a full image. Absent such an order, photographic images may be used by digitally altering R.T.'s face so that it is not identifiable.

8.      Pursuant to the protective order issued by the Santa Barbara Superior Court, Juvenile Division, dated August 17, 2012, the minor child shall be referred to as "R.T." in the pleadings and other documents filed in this matter.

9.      The parties may further designate certain documents, materials, or testimony of a highly confidential or sensitive nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), which may be disclosed only to Qualified Persons identified in Paragraphs 6a, 6c, 6d, 6e, 6f and 6g, but shall not be disclosed to Qualified Persons identified in Paragraph 6b. If disclosure of "Attorney's Eyes Only Material" is made, all other provisions of this Stipulation shall also apply.

10.     Any party intending to file any material that constitutes or contains Confidential Material or Attorney's Eyes Only Material shall apply to file it under seal in compliance with Central District Local Rule 79-5.1 and the Standing Order for Cases Assigned to Judge Dale S. Fischer. Material that the Court has ordered may be filed under seal shall be filed in compliance with the Central District Court's Pilot Project for the Electronic Submission and Filing of Under Seal Documents, in which Judge Dale S. Fischer is participating.

11.     This Order shall not impose any restrictions on the use of or disclosure by a party of Confidential Material or Attorney's Eyes Only Material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material or Attorney's Eyes Only Material as it deems appropriate.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

5

12.     The manner or presentation and use of Confidential Material or Attorney's Eyes Only Information at trial will be addressed by the trial judge. The Parties reserve the right to move the Court for specific treatment of Confidential Material or Attorney's Eyes Only Information during Court hearings or trial.

13.     This Order shall be without prejudice to the right of a party (i) to bring before the Court at any time the question of whether any particular document or material is confidential or whether its use should be restricted, provided however, that such document or material shall remain confidential and its use restricted, as provided for herein, until such time as the court has ruled on the questions presented, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document, material, or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14.     This Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document material or information, or altering any existing obligation of any party or the absence thereof.

15.     Within sixty (60) days after the conclusion of this action, including any appeals, a party to whom Confidential Material or Attorney's Eyes Only Material has been produced shall return all such material, including copies thereof, to the producing party.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

6

16.    This Order shall survive the conclusion of this action, including any appeals, to the extent that information comprising or contained in Confidential Material or Attorney's Eyes Only Material does not become public. The Court shall retain jurisdiction to resolve any dispute concerning compliance with the terms and conditions of this Order, including any alleged violation thereof.

**APPROVED AND SO ORDERED:**

Dated:  November 4, 2013      _____/s/_____

UNITED STATES MAGISTRATE JUDGE
VICTOR B. KENTON

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

7

# APPENDIX "A"

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, have read and understand the Stipulation for Protective Order and Protective Order of the United States District Court, Central District of California, entered on the _____ day of November, 2013 in the case of *Peter Huk, et al. v. County of Santa Barbara, et al.*, Case No. CV12-2317 DSF (FMOx). A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement"). I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agree not to use or disclose the Confidential Material (as defined by that Order) disclosed to me, except for the purposes of this litigation as required by the Stipulation for Protective order and Protective Order. I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agree that in the event that I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any Confidential Material acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. I further agree to submit to the jurisdiction of the United States District Court, Central District of California and the Santa Barbara Superior Court for the purpose of enforcing

///

///

the terms of this Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated:_____

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City                    State                    Zip

_____
Occupation or Business

_____
Role in Case No. CV12-2317 DSF (FMOx).

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

9